UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIQUE LIGHTING SYSTEMS, INC., | Civil No. 07-CV-104-L(LSP) |
| Plaintiff, | **ORDER DENYING MOTION TO DISMISS and DENYING MOTION FOR MORE DEFINITE STATEMENT [doc. #5]** |
| v. | |
| ALLIANCE OUTDOOR LIGHTING, INC.; ROBERT MCKAY, | |
| Defendants. | |

Defendants Alliance Outdoor Lighting and Robert McKay (collectively "defendants") move to dismiss the complaint or in the alternative, for a more definite statement. The motion has been fully briefed. For the reasons set forth below, the Court enters the following decision.

**FACTUAL BACKGROUND**

Plaintiff Unique Lighting Systems designs, manufactures and sells landscape lighting products. Defendant McKay was previously employed as Plaintiff's general sales manager. Subsequent to the termination of the employment contract, Defendant McKay entered into another business relationship with Plaintiff as a representative agent. Following the termination of this business relationship, Defendant McKay formed the corporation Alliance Outdoor Lighting. Plaintiff alleges in the complaint that Defendants breached agreements formed between the parties in both of their prior business relationships, and infringed on Plaintiff's

patent, with a product offered for sale by Alliance, the Well Light WL200. In addition to the patent infringement claim, the complaint includes five state law claims, including trade secret misappropriation, breach of contract, breach of confidence, unfair competition under California common law, and statutory unfair competition.

Defendant moves for dismissal of the state law claims based on lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted; or in the alternative, for a more definite statement.

**MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

**1.    Legal Standard**

The federal court is one of limited jurisdiction. *See Gould v. Mutual Life Ins. Co. of New York*, 790 F.2d 769, 774 (9th Cir. 1986). As such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 93-94 (1998). "Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Id*. (*quoting Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)). Under Rule 12(b)(1), the Court can dismiss a complaint for lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). In this case, plaintiff bears the burden of establishing subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (stating that the burden of establishing jurisdiction rests on the party asserting it).

Defendants contend that notwithstanding the assertion of a cause of action that invokes the Court's original jurisdiction, the Court should dismiss Plaintiff's state law claims by declining to exercise supplemental jurisdiction.

**2.    Supplemental Jurisdiction**

Title 28 U.S.C. § 1367(a) states that except as otherwise provided by statute, "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The Court may

decline supplemental jurisdiction if the claims are unrelated to the original jurisdiction claims, or if one of the factors found in 28 U.S.C. § 1367(c) is present.

Section 1367(c) provides:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

Here, Plaintiff brings a patent infringement claim, a claim over which this court has original jurisdiction. 28 U.S.C. §§ 1331, 1343. The Court, therefore, must exercise supplemental jurisdiction over plaintiff's state law claims so long as they arise out of the same common nucleus of operative facts giving rise to the patent infringement claim. Defendants do not contend that any of the subsections of § 1367(c) are applicable here but rather that Plaintiff's state law claims do not arise out of the same nucleus of operative facts as its patent infringement claim. The Court disagrees.

**3.  Discussion**

Defendants argue that the court should not exercise supplemental jurisdiction over Plaintiff's second through sixth causes of action because the complaint fails to allege they are sufficiently related to the patent infringement claim. (Motion at 5-6)  However, the complaint alleges facts common to all Plaintiff's causes of action, sufficiently demonstrating they "form part of the same case or controversy" as required by 28 U.S.C. § 1367(a). (*See* Complaint at 2-4)

In *Liveops, Inc. v. Teleo, Inc.,* No. C05-03773, 2006 U.S. Dist. LEXIS 2574 (D. Cal. Jan. 9, 2006), a copyright infringement claim was raised together with state law claims for unfair competition, conversion, misappropriation of trade secrets, breach of contract and two other state claims. The court found the claims did arise from a common nucleus of facts because "[e]ach

one of these claims revolves around the alleged unauthorized use of Plaintiff's proprietary information acquired during [Defendant's] employment with [Plaintiff]." *Id.* at 9-10.  The court also remarked it was "quite common" for such claims to be seen in the same proceeding. *Id.* at 10; *citing* e.g., *Qualcomm, Inc. v. Motorola, Inc.*, 989 F. Supp.1048 (S.D. Cal. 1997); *Micro Intern. Ltd. V. Monolithic Power,* 399 F. Supp. 2d 1064 (N.D. Cal. 2005); *Perfect 10, Inc. V. Cybernet Ventures, Inc.,* 213 F. Supp. 2d 1146 (C.D. Cal. 2002).

Each of Plaintiff's claims similarly arise from a common nucleus of facts.  According to the complaint, Defendant had access to Plaintiff's "confidential and proprietary" information during his term of employment and his subsequent business relationship with Plaintiff.  All the causes of action in the complaint allege or arise from his alleged wrongful use of that information following the termination of those relationships.  In the first cause of action, Plaintiff alleges Defendants are "making; using, selling, and offering for sale outdoor lighting fixtures . . . covered by the claims of the '967 patent," including the Well Light WL200. (Complaint at 4)  The second cause of action is "based upon Defendant's wrongful and improper use and disclosure of [Plaintiff's] confidential proprietary and trade secrets." (Complaint at 5)  The third and fourth causes of action arise from breach of contract and breach of confidence resulting from the use and disclosure of the confidential proprietary information. (Complaint at 7-8)  The fifth and sixth causes of action for are based on Defendants' use of that information to compete unfairly with Plaintiff. (Complaint at 9-10)

The state law claims are sufficiently related to the federal claim to justify the Court's exercise of supplemental jurisdiction.  Accordingly, Defendants' motion to dismiss Plaintiff's second through sixth causes of action for lack of subject matter jurisdiction is denied.

### MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

**1.     Legal Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal of a claim under this Rule is appropriate only where "it appears beyond doubt that the plaintiff can prove

no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Navarro*, 250 F.3d at 732.  Dismissal is warranted under Rule 12(b)(6) when the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson*, 749 F.2d at 534.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). When ruling on a motion to dismiss, the court may consider the facts alleged in the complaint, documents attached to the complaint, documents incorporated by reference in the complaint, and matters of which the Court takes judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998).  But there is no requirement that documents must be attached to the complaint.

**2.    Discussion**

Defendants contend that Plaintiff's second through sixth causes of action allegedly arise out a contractual relationship that has been breached between Defendant McKay and Plaintiff. But Defendants argue that "the alleged written contracts are not attached to the Complaint, nor are the essential terms quoted or set forth in the Complaint."  (Motion at 8).  Defendants further state that "the Complaint fails to set forth sufficient credible facts upon which relief could be granted to the Plaintiff based upon any violation of a written contract . . . ." *Id.*  On this basis, Defendants seek to have the state law causes of action dismissed. *Id.* ("The Defendants do not believe that even by amendment Plaintiff could cure the defects.").

Rather than a motion to dismiss under Rule 12(b)(6), Defendants' argument suggests, at most, a violation of Rule 8. A plaintiff's complaint must satisfy the requirement of Federal Rule of Civil Procedure 8(a), which calls for a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* at 47. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002). The issue is not whether a plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support the claims. *Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003); *see also Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting *Fontana v. Haskin*, 262 F.3d 871, 977 (9th Cir.2001))).

In this instance, Plaintiff's Complaint complies with Rule 8(a). Defendants are able to answer or otherwise respond to the Complaint as it currently stands.

Even if the Court were to view Defendants' motion as being brought under Rule 12(b)(6), the motion would be denied. Plaintiff's complaint sufficiently alleges the factual basis for its causes of action. Moreover, each of Plaintiff's claims asserts a cognizable legal theory which, if proved, would provide plaintiff with relief. Accordingly, Defendants' motion to dismiss under Rule 12(b)(6) is denied.

## MOTION FOR MORE DEFINITE STATEMENT

As discussed above, under the liberal federal pleading standards, all that is required of a complaint is "a short and plain statement of the claim" that gives the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." FED. R. CIV. P. 8(a); *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Rule 12(e) of the Federal Rules of Civil Procedure provides, however, that "[i]f a pleading to which a responsive pleading is permitted is so vague or

07cv104

ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." A Rule 12(e) motion for a more definite statement "[is] viewed with disfavor and [is] rarely granted because of the minimal pleading requirements of the Federal Rules." *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994). "A motion for more definite statement attacks unintelligibility in a pleading, not simply mere lack of detail. Thus, the motion fails where the complaint is specific enough to apprise defendant of the substance of the claim being asserted." WILLIAM W. SCHWARZER, A. WALLACE TASHIMA & JAMES M. WAGSTAFFE, FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 9:349 (citations omitted); *see also Box all v. Sequoia Union High School District*, 464 F. Supp. 1104, 1114 (N.D. Cal. 1979); *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996). In the case of unintelligibility, a defendant cannot reasonably be expected to frame a proper response. *Familiar, Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp. 940, 949 (E.D. Cal. 1981) ("A motion for a more definite statement should not be granted unless the defendant cannot frame a responsive pleading"); *Cellars v. Pacific Coast Packaging, Inc.*, F.R.D. 575, 578 (N.D. Cal. 1999). Moreover, courts have held that if discovery will provide the detail sought by a motion for more definite statement, the motion should be denied. *Beery v. Hitachi Home Electronics, Inc*., 157 F.R.D. 477, 480 (C.D. Cal.1993). The court has wide discretion and "it is within the trial court's power to allow or to require the plaintiff to supply, by amendment to the complaint or by affidavits, further particularized allegations of fact." *Warth v. Seldin*, 422 U.S. 490, 501-502 (1975).

The Court finds that a more definite statement is not warranted in this case. The complaint alleges sufficient factual detail to put Defendants on notice as to the substance of Plaintiff's claims. Any detail that Defendants contends is lacking can be obtained through discovery. Accordingly, Defendants' motion for a more definite statement is denied.

## CONCLUSION

Based on the foregoing, **IT IS ORDERED** denying motion to dismiss for lack of subject matter jurisdiction. **IT IS FURTHER ORDERED** denying motion to dismiss for failure to

state a claim.  **IT IS FURTHER ORDERED** denying motion for more definite statement.  **IT IS FURTHER ORDERED** that Defendants shall file an answer to the complaint within ten days of the filing of this Order.

      **IT IS SO ORDERED.**

DATED: May 16, 2007

                               M. James Lorenz
                               United States District Court Judge

COPY TO:

HON. LEO S. PAPAS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL